989 So.2d 917 (2007)
Elnorsh DUCKWORTH, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-KA-01996-COA.
Court of Appeals of Mississippi.
December 11, 2007.
Rehearing Denied May 27, 2008.
Certiorari Denied August 28, 2008.
George T. Holmes, Jackson, attorney for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before LEE, P.J., IRVING and ROBERTS, JJ.
*918 LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On November 11, 2004, Jay Green was working as an undercover agent for the Gulfport Police Department. He was in an unmarked car and was wired for sound. He drove his car alongside a male and female walking near the intersection of Polk Street and Texas Avenue in Harrison County. The male and female were later identified as Elnorsh Duckworth and Gail Cawthon. Green rolled down his car window and asked, "Do you know where I can get something?" Cawthon asked, "What are you looking for?" Green replied, "A twenty." Duckworth said, "How much again?" Green repeated, "Twenty." The officer testified that he saw Duckworth take an "off white rocky substance" out of his pocket and hand it to Cawthon. Cawthon then handed it to Green who gave her a twenty dollar bill that had been previously copied so it could be identified as the buy money.
¶ 2. When the transfer was complete, Green rolled up his car window and described the two suspects over a microphone. Green testified at trial that he had listened to the audiotape and it was an accurate representation of the events that he had observed. The tape was played for the jury. Officers Windell Johnson and Scott McElhenny were monitoring the sale over a transmitter in a concealed car. When the sale was complete the officers moved in on the two suspects. Cawthon ran but was chased and detained. Before Duckworth was detained, Officer Johnson saw him drop a twenty dollar bill. The twenty dollar bill that Duckworth dropped was retrieved and compared to the copy of the buy money. The serial numbers matched.
¶ 3. Duckworth was found guilty by a jury in the Circuit Court of Harrison County of sale of a controlled substance. He was sentenced as a habitual offender to serve twenty-five years in the custody of the Mississippi Department of Corrections.
¶ 4. Duckworth now appeals his conviction citing the following issues: (1) the trial court erred by not striking Police Officer Raymond Brooks from the venire for cause, (2) the trial court allowed improper opinion evidence, and (3) the trial court erred in refusing a requested lesser-included offense jury instruction.
¶ 5. Finding no error, we affirm.

DISCUSSION

I. DID THE TRIAL COURT ERR BY NOT STRIKING POLICE OFFICER RAYMOND BROOKS FROM THE VENIRE FOR CAUSE?
¶ 6. Duckworth argues that the trial court erred in not striking Raymond Brooks for cause since Brooks was a Gulfport police officer and admitted to knowing most all of the witnesses. However, Brooks did not serve as a juror because Duckworth's counsel used a peremptory challenge to strike Brooks from the jury before it was empaneled. The following exchange took place during voir dire:
THE COURT: You think you could be fair and impartial even though your job is to investigate crimes and arrest alleged criminals.
BROOKS: I think because of that reason I could.
THE COURT: You think that would cause you to be able to be a fair and impartial juror?
BROOKS: Yes, sir.
¶ 7. Prerequisite to presenting a claim on appeal that a juror should have been struck for cause is a showing that the challenging party had exhausted all of his *919 peremptory challenges and that the incompetent juror was forced upon him by the trial court's erroneous ruling. Chisolm v. State, 529 So.2d 635, 639 (Miss.1988). No such showing may be made in this case because Duckworth used a peremptory challenge to remove Brooks from the jury. Id. We have consistently found no error in refusal to excuse jurors who are challenged for cause when the complaining party has chosen not to exhaust his peremptory challenges. Id.; Adkins v. Sanders, 871 So.2d 732, 741 (¶¶ 36-39) (Miss. 2004); Scott v. Ball, 595 So.2d 848, 851 (Miss.1992).
¶ 8. We find Issue I to be without merit.

II. DID THE TRIAL COURT ALLOW IMPROPER OPINION EVIDENCE?
¶ 9. During the testimony of Gulfport Police Officer Windell Johnson, the State asked, "Would it be typical for there to be two parties conducting a drug deal?" Defense counsel's objection was overruled. Officer Johnson proceeded to describe how drug dealers may use addicts as intermediaries to sell drugs for them, and in return the addict would be paid with a portion of the drugs. Later, Detective Scott McElhenney was asked by the State whether it was unusual for the co-defendant to take responsibility for the drug sale. Defense counsel's objection was overruled. McElhenney testified as to what normally happens after a drug transaction. McElhenney's testimony concluded and the court recessed for the day.
¶ 10. Upon resuming court the next morning, the trial court reversed its ruling on the objection to McElhenney's opinion evidence. The trial judge in open court stated:
Detective McElhenney gave his opinion about what typically happens or what usually happens and why. Such opinions under the law are nothing more than conjecture and speculation, and I should not have allowed those opinions into evidence. So at this time I'm going to sustain the objection of defense counsel and I'm instructing you to disregard the testimony, that opinion testimony of Detective McElhenney.
Each juror was then asked if they understood and would disregard the improper opinion evidence, and each agreed. No direction was given to the jury regarding Officer Johnson's testimony.
¶ 11. Duckworth argues that the inconsistent rulings on the opinion evidence confused the jury. Duckworth also argues that the trial court violated Mississippi Rules of Evidence 701 and 702 by allowing McElhenney and Johnson to testify as experts. However, the trial court instructed the jury to disregard McElhenney's testimony and no objection was made at trial regarding the rulings being inconsistent. The assertion on appeal of grounds for an objection which was not the assertion at trial is not an issue properly preserved on appeal. Haddox v. State, 636 So.2d 1229, 1240 (Miss.1994). Because this argument was not preserved for appeal, this Court cannot reverse based upon it. Id.
¶ 12. We find Issue II to be without merit.

III. DID THE TRIAL COURT ERR IN REFUSING A REQUESTED LESSER-INCLUDED OFFENSE JURY INSTRUCTION?
¶ 13. Duckworth argues that he was entitled to a lesser-included offense instruction for simple possession because Cawthon told the arresting officer that the drugs were hers. However, Duckworth also argues that he did not participate in the sale of the drugs nor did he have *920 anything to do with the drugs. Given Duckworth's argument at trial that he had nothing to do with the drugs, we cannot find that a jury instruction on simple possession was warranted.
¶ 14. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF TRANSFER OF A CONTROLLED SUBSTANCE AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., concur.